UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

UNITED STATES OF AMERICA,                      Criminal No. 06-105 ADM/AJB

        Plaintiff,

v.                                              **REPORT AND RECOMMENDATION**

(1)     KYLE JAMES NAGORSKI, and
(2)     BRIAN LEE NAGORSKI,

        Defendant.

Andrew S. Dunne, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

Jason R. Vohnoutka, Esq., for defendant Brian Lee Nagorski; and

John L. Lucas, Esq., for defendant Kyle James Nagorski.

        This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on May 19, 2006, at the U.S. Courthouse, 300 South Fourth St., Minneapolis, MN 55415. The Court issued an Order on Motions dated June 15, 2006, reserving defendants' Motions to Suppress Evidence Seized Pursuant to an Invalid Warrant [Docket Nos. 20 and 48] for submission to the district court on report and recommendation. In addition, the magistrate judge herein makes findings on probable cause for issuance of a search warrant with respect to defendants' Motion for Evidentiary Hearing Pursuant to Franks v. Delaware, 438 U.S. 154 (1978), which is addressed in separate orders

on motions.[1]

Based upon the file and documents contained therein, along with testimony and exhibits received at hearing, and materials submitted to the court for *in camera* review, the Magistrate Judge makes the following:

**Findings**

**Search Warrant Review.**  On March 9, 2006, Isanti County District Court Judge James Dehn issued separate warrants to search two particularly described locations, both in Isanti, Minnesota  (Hearing Exh. Nos. 1 and 2).  Each warrant further authorized a search of the person of a defendant in this action, as well as a particularly described vehicle used by the respective defendant, and the supporting affidavit also identified each location to be searched as the residence of the respective defendant.  The search warrants were issued on the basis of substantively identical applications and supporting affidavits, and the warrants both identified the objects of the warrant as controlled substances, including cocaine and methamphetamine; containers used to store drugs, cash, or

---

[1] Due to the nature of the probable cause challenges on which defendants move for Franks hearing, at the suppression motions hearing the prosecution elicited testimony in regard to probable cause issues in addition to offering the search warrant affidavits themselves for a typical "four corners" probable cause review.  The government acknowledges that this approach resulted in a *de facto* Franks hearing taking place without the defendants' motions for Franks hearing having been granted. Indeed, much of the evidence presented at hearing, as well as materials submitted for *in camera* review, can be construed as evidence rebutting the fact allegations that are offered to support the motion for Franks hearing, even though the same evidence would likely apply to actual claims of impropriety which would be the subject of a Franks hearing.  Under the circumstances the court is making findings in this Report and Recommendation with respect to both Franks matters and suppression of evidence seized pursuant to search warrant.  However, the motion for Franks hearing is addressed by separate order which addresses the motion in light of facts as determined in this report and recommendation.

other proceeds from drug sales; drug distribution and packaging equipment and supplies; documents and keys showing constructive possession of the residence; photographs and video recordings; money, valuables, and financial records; authority to answer phones and view videos; cell phones, computers, and other electronic and communications devices; and records of betting and business losses. The warrants were issued on the basis of probable cause contained in the Affidavits of Special Agent James Osowski, including confidential informant and surveillance information; public records checks; and evidence obtained through controlled drug buys. The search warrants were executed on March 16, 2006, and evidence was seized pursuant to the warrants.

**Probable Cause.** In October and November 2005, Special Agent Osowski received confidential informant reports regarding the Nagorski brother's involvement in drug sales. At that time the agent was not provided specific information as to where Kyle Nagorski lived, though he was advised that Kyle Nagorski may live in Big Lake, MN, but would be moving. Also at this time a confidential informant advised Osowski that Brian Nagorski might be moving drugs to Kyle's Nagorski's residence, but the location of the residence was yet unknown. When Special Agent Osowski initially met with the first informant (CI #1) in October 2005, and the second informant (CI #2) in November 2005, he obtained a criminal history report for the respective informant through Minnesota Bureau of Criminal Apprehension Computerized Criminal History and Identification Services.[2] The report on CI #1 revealed only misdemeanor convictions, not involving crimes of

---

[2] The criminal history reports have been submitted by the government for *in camera* review by the court because they reveal the identities of the informants. The reports confirmed Special Agent Osowski's testimony regarding their contents. These materials will not become part of the court's file in this matter but shall remain in the magistrate judge's chambers file pending possible subsequent review

dishonesty, along with several dismissed and complaint denied charges. The report on CI #2 showed only misdemeanor convictions of traffic offenses, along with other charges that had been dismissed or the complaint was denied. The criminal history reports gave no indication of arrests or charges for providing false information with respect to either informant, and the affiant was not aware of any such charge pending against an informant at the time that search warrants were requested or executed. The accuracy of certain fact information provided by the informants was verified by the warrant affiant by checking vehicle registrations, residential addresses, company names, photographs, and the like, though such verifications did not necessarily provide direct corroboration of information regarding the defendants' involvement in particular criminal activities.

      Evidence submitted in support of probable cause in the warrant applications included descriptions of controlled drug buys by BCA Special Agent Jake May, working in an undercover capacity. Special Agent May made purchases of cocaine from defendant Brian Nagorski on January 11, 2006, January 17, 2006, and February 15, 2006. On each occasion the drugs were transferred to the agent by Kyle Nagorski. Agent May also had in person and telephone discussions with Brian Nagorski about purchasing methamphetamine, and those periodic discussions took place up until the time of the warrant applications on March 9, 2006. Agent Osowski likewise had periodic communications with confidential informants and on January 13, 2006, a confidential informant physically identified Kyle Nagorski's residence, the described search location, to agent Osowski. Following the January 17, 2006, transaction, Kyle Nagorski's vehicle was observed leaving the

---

by the district court.

exchange site in Princeton, Minnesota, stopping at a residence in Long Lake, then proceeding to the same described search location.  Kyle Nagorski's residence was not an address that had been identified by informants in the fall of 2005 as being that defendant's residence.  Brian Nagorski had an ownership interest in Kyle Nagorski's house at the time of the search warrant application and execution.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**Conclusions**

Evidence seized pursuant to warrants to search two particularly described locations, both in Isanti, Minnesota  (Hearing Exh. Nos. 1 and 2), as well as the persons of each of the defendants and vehicles used by each of them, was not unlawfully obtained in violation of the constitutional rights of either defendant Brian Lee Nagorski or defendant Kyle James Nagorski.  The search warrants were issued on March 9, 2006, and were based upon sufficient probable cause as stated in the Affidavits of Special Agent James Osowski and as determined by Isanti County District Court Judge James Dehn.  The warrants properly and sufficiently identified the location of the respective searches and the items to be seized.  The search warrants in this matter were lawfully issued and there is no requirement for suppression of evidence seized pursuant to either of the warrants.

**Nexus between Drug Trafficking and Search Residence.**  The warrant application establishes a connection between drug trafficking and the Kyle Nagorski residence sufficient to justify issuance of a warrant to search the residence.  Kyle Nagorski was observed leaving the scene of a drug exchange and thereafter proceeding to his residence in Isanti, albeit with an intermediate stop in Long

5

Lake. Defendants' contend that the asserted nexus between criminal activity and the search location was not adequately established in light of staleness and vagueness of information provided by informants, the failure to corroborate meaningful informant information, and the failure to establish informant reliability. The search residence was identified as defendant Kyle Nagorski's resident on January 13, 2006, and this site identification was not inherently stale with respect to a warrant requested and issued on March 9, 2006, and executed on March 16, 2006. The warrant application in this instance contains significant evidence of a continuing course of criminal activity by defendant Kyle Nagorski, i.e. multiple deliveries of controlled substances, including a delivery as recent as February 15, 2006, and such conduct permits the reasonable inference, and a fair probability, that a supply of drugs and other evidence of drug dealing would be found at the defendant's residence. <u>United States v. Tellez</u>, 217 F.3d 547, 549-50 (8th Cir. 2000). The requisite probable cause exists even if the warrant were construed to be anticipatory, and the triggering condition had not occurred. <u>Id.</u>

Defendants attack the warrant application statement indicating that informants knew that "Brian Nagorski had kept controlled substances in his home, but was possibly moving them to Kyle Nagorski's home. . .," asserting that the statement taints the warrant application because the information is uncorroborated, the presumably referenced home was not identified and was not the search residence, and there is no claim that drugs were observed at Kyle Nagorski's residence, wherever that might have been. Defendants make far too much of the probable cause significance of the quoted statement. The comment does not purport to establish the location of Kyle Nagorski's residence. The warrant application does not rely upon the statement to establish a nexus between the Kyle Nagorski's drug distribution activities and the location that was to be searched. The statement is more accurately

construed as information regarding the relationship between defendants Brian and Kyle Nagorski with respect to drug distribution activities rather than evidence of the location of drugs at any particular time. The affidavit statement has not been shown to be false and was not included with the objective of misleading the issuing court.

**Anticipatory Warrant.** The warrant to search the Kyle Nagorski residence was not an anticipatory warrant, requiring satisfaction of a particular triggering condition prior to execution. Except to the extent that all warrants are issued on the basis of some anticipation that objects of the search will be found sometime in the future when the search is to be conducted, execution of the warrant in this instance was not predicated upon the occurrence of some particular condition or event which did not occur. See United States v. Grubbs, 126 S.Ct. 1494, 1499 (2006). Even in the event that the warrant were construed to be anticipatory, under the circumstances in this case the non-occurrence of a triggering condition would not require suppression. United States v. Tellez, 217 F.3d 547, 549-50.

**Good Faith.** The warrant to search Kyle Nagorski's residence issued on March 9, 2006, was executed by officers having a objective good faith reliance on the validity of the warrant, and the search was lawful. There is no evidence that the issuing judge was intentionally or recklessly misled by false information in an affidavit; there is no suggestion that the judicial role was completely abandoned by the issuing judge; the indicia of probable cause in the affidavit is not insignificant; and the warrant is not facially deficient. United States v. Hessman, 369 F.3d 1016, 1020 (2004)(citing United States v. Leon, 468 U.S. 897, 923, 104 S.Ct. 3405 (1984). The search warrant in this matter was lawfully issued and executed and there is no requirement for suppression of evidence seized pursuant to

the warrant. See also United States v. Carpenter, 341 F.3d 666, 671,670 (8th Cir. 2003)(affidavit not so lacking in indicia of a nexus between drugs and residence as to render belief in existence of probable cause entirely unreasonable).

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that:

1. Defendant Brian Lee Nagorski's Motion to Suppress Evidence Seized Pursuant to an Invalid Warrant be **denied**  [Docket No. 20]; and

2. Defendant Kyle Lee Nagorski's Motion to Suppress Evidence Seized Pursuant to an Invalid Warrant be **denied**  [Docket No. 48].

Dated:   June 16, 2006

    s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before July 3, 2006.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and

Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.