UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

(1) Brian Lee Nagorski, and
(2) Kyle James Nagorski,

        Defendants.

MEMORANDUM OPINION
AND ORDER
Criminal No. 06-105 ADM/AJB

---

Andrew S. Dunne, Esq., Assistant United States Attorney, Minneapolis, MN, for and on behalf of Plaintiff.

Jason R. Vohnoutka, Esq., Vohnoutka & Associates, Ltd., Minneapolis, MN, for and on behalf of Defendant Brian Lee Nagorski.

John L. Lucas, Esq., Minneapolis, MN, for and on behalf of Defendant Kyle James Nagorski.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to the Objections of Defendant Kyle James Nagorski [Docket No. 75] and Defendant Brian Lee Nagorski [Docket No. 76] to the Report and Recommendation ("R&R") of Magistrate Judge Arthur J. Boylan [Docket No. 73]. The R&R denies Defendants' Motions to Suppress Evidence Seized Pursuant to an Invalid Warrant [Docket Nos. 20, 48]. The factual background in this matter is set forth in the R&R and is incorporated by reference for purposes of the present Objections. For the reasons set forth below, the Objections are overruled, and the R&R is adopted.

## II. DISCUSSION

The district court must make an independent, de novo determination of those portions of the R&R to which a party objects, and "shall modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." D. Minn. LR 72.2(a).

Defendants object to the recommendation of the R&R that Defendants' Motions to Suppress Evidence Seized Pursuant to an Invalid Warrant be denied, arguing that the search warrant was invalid because the R&R improperly determined that a nexus existed between drug trafficking and the search residence; erred in finding that the warrant to search Kyle Nagorski's residence was not an anticipatory warrant; and erred in finding that the officers executing the warrants were acting in good faith.

In the R&R, Judge Boylan properly determined that a sufficient nexus between drug trafficking and Kyle Nagorski's residence was established to justify the search warrant. Although the R&R notes there was a time lag between identifying Kyle Nagorski's residence on January 13, 2006 and the issuance of the warrant on March 9, 2006, the warrant application is replete with evidence of a continuing course of criminal activity by Kyle Nagorski, including multiple deliveries of controlled substances. Although Kyle Nagorski's residence was not involved in each instance of the ongoing criminal activity, in totality, the R&R correctly concluded that a reasonable inference could be made that drugs and evidence of drug dealing would be found at Kyle Nagorski's residence.

The R&R also accurately found that the warrant to search Kyle Nagorski's residence was not an anticipatory warrant. Defendants aver that Brian Nagorksi moving to Kyle Nagorski's residence was a triggering condition for the warrant. This argument is untenable. There is

nothing in the warrant to suggest that execution of the warrant must be predicated upon the occurrence of a particular condition or event.  United States v. Grubbs, 126 S.Ct. 1494, 1499 (2006).

Defendants contend the search warrant was carried out by officers who did not possess a good faith reliance on the validity of the warrant, attacking the precedent of United States v. Carpenter, 341 F.3d 666 (8th Cir. 2003).  However, the R&R does not solely rely on the Carpenter decision.  Judge Boylan independently concluded that no evidence existed that the issuing judge was intentionally or recklessly misled by false information; that no evidence existed that the issuing judge abandoned the judicial role; that the indicia of probable cause was not insignificant; and that the warrant was not facially deficient.  R&R at 7; see also United States v. Hessmen, 369 F.3d 1016, 1020 (8th Cir. 2004).

Finally, Defendants argue error in the factual findings of the R&R, suggesting, for example, that one of the informants may have been charged with providing false information to law enforcement.  No evidence is cited to support this contention, however.

Because Defendants fail to demonstrate error in the R&R, their objections are overruled and the R&R is adopted.

### III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation [Docket No. 73] is **ADOPTED**; and

2. Defendant Kyle James Nagorski and Defendant Brian Lee Nagorski's Objections [Docket Nos. 75, 76] to the Report and Recommendation are **OVERRULED**; and

3. Defendant Kyle James Nagorski and Defendant Brian Lee Nagorski's Motions to Suppress Evidence Seized Pursuant to an Invalid Warrant [Docket Nos. 20, 48] are **DENIED**.

BY THE COURT:


 Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: July 7, 2006